IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY CLYDE, | ) | CASE NO. 3:16 CV 2039 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MICHELLE MILLER, | ) | |
| | ) | **REPORT &** |
| Respondent. | ) | **RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Jeffrey Clyde for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Clyde was convicted by an Erie County Court of Common Pleas judge in 2013 of sexual battery, compelling prostitution, corrupting with drugs, and disseminating matter harmful to juveniles.[3] He is serving a sentence of 20 years[4] and currently is incarcerated at the Belmont Correctional Institution in St. Clairsville, Ohio.[5]

In his petition, Clyde raises ten grounds for habeas relief.[6] The State has filed a return of the writ, arguing that the petition should be denied as the grounds are either unexhausted, procedurally defaulted, not cognizable, and/or without merit.[7]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge James S. Gwin by non-document order dated August 26, 2016.
[2] ECF No. 1.
[3] *Id.*
[4] *Id.*
[5] http://www.drc.state.oh.us/OffenderSearch
[6] ECF No. 1.
[7] ECF No. 12.

For the reasons that follow, I will recommend Clyde's petition be dismissed with prejudice in its entirety.

## Facts

**A.   Underlying facts, conviction, and sentence**

The facts that follow come from the decision of the appeals court.[8]

On August 15, 2011, Clyde was indicted on 13 counts of sexual offenses, all of which involved the same alleged victim: appellant's daughter, K.T.[9]

The following month, Clyde was indicted on 4 additional counts, none of which involved K.T.[10] Counts 14 and 15 charged Clyde with compelling prostitution and Counts 16 and 17 charged him with attempted pandering obscenity.[11]

Following a bench trial on August 26, 2013, the trial court found Clyde not guilty of Counts 1, 2, 3, 4, 10, 11, and 12 and guilty of Counts 5, 6, 7, 8, 9, 13, 14, 15, 16, and 17.[12]

On December 10, 2013, the sentencing hearing was held. Clyde was classified as a Tier II and Tier III sexual offender, and was sentenced to four years in prison on Count 5, 17 months on Count 6, four years on Count 7, four years on Count 8, 11 months on Count

---

[8] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).
[9] ECF No. 12, Attachment 1 at 134.
[10] *Id.* at 135.
[11] *Id.*
[12] *Id.*

9, four years on Count 13, two years on Count 14, two years on Count 15, two years on Count 16, and two years on Count 17.[13] The judge ordered the sentences imposed on Counts 5, 7, 8, 13, 14, and 15 to run consecutively, while the sentences imposed on Counts 6, 9, 16, and 17 were to run concurrently with each other and concurrently with the other counts, for a total period of 20 years in prison.[14]

**B.     Direct Appeal**

*1.     Ohio Court of Appeals*

Clyde, through counsel, filed a timely[15] notice of appeal[16] with the Ohio Court of Appeals. In his brief, Clyde filed six assignments of error:

1. The convictions for compelling prostitution are not supported by sufficient evidence and are against the manifest weight of the evidence.

2. The convictions for attempted pandering obscenity are not supported by sufficient evidence and are against the manifest weight of the evidence.

3. Plain error occurred when the trial court tried two indictments together absent an order to do so, and absent a state's motion to do so.

4. Trial counsel committed prejudicial ineffective assistance through multiple failures.

---

[13] *Id.*
[14] *Id.*
[15] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case). Clyde's conviction and sentence were journalized on December 12, 2013 (*id.* at 16), and the notice of appeal was filed on January 9, 2014. *Id.* at 24.
[16] *Id.*

3

      5.      The convictions with respect to the victim K.T. were not supported by sufficient evidence and are against the manifest weight of the evidence.

      6.      The trial court erred in imposing consecutive sentences without the proper findings.[17]

The state filed a brief in response.[18] On May 15, 2015, the Ohio appeals court affirmed the decision of the trial court in part and reversed in part.[19] The appeals court determined that Clyde's convictions for one count of compelling prostitution and two counts of attempted pandering obscenity were not supported by sufficient evidence.[20] In addition, the appellate court sustained the sixth assignment of error, finding that the trial court failed to identify all the applicable factors for consecutive sentencing and failed to incorporate the required findings into the sentencing entry.[21]

*a.*    *Resentencing*

On July 14, 2016, the trial court resentenced Clyde to an aggregate term of eighteen years pursuant to the decision of the Ohio court of appeals.[22]

---

[17] *Id.* at 38.
[18] *Id.* at 82.
[19] *Id.* at 133.
[20] *Id.* at 140-141.
[21] *Id.* at 152.
[22] *Id.* at 297.

b.     *Ohio Court of Appeals-resentencing*

On August 2, 2016, Clyde, through counsel, filed a timely[23] notice of appeal[24] with the Ohio court of appeals. On August 10, 2016, Clyde, *pro se*, filed a timely[25] second notice of appeal.[26] The court of appeals, *sua sponte*, consolidated the appeals.[27] The record does not reflect any other filings in connection with this appeal.

## 2.     *Motion for delayed appeal to The Supreme Court of Ohio*

On July 27, 2015, Clyde, *pro se*, filed an untimely notice of appeal[28] and a motion for leave to file a delayed appeal.[29] On September 16, 2015, the Supreme Court of Ohio denied Clyde's motion and dismissed the case.[30]

---

[23] Clyde's resentencing was journalized on July 14, 2016 (*id.* at 297), and the notice of appeal was filed on August 2, 2016. *Id.* at 305.
[24] *Id.*
[25] *Id.* at 315.
[26] Clyde's resentencing was journalized on July 14, 2016 (*id.* at 297), and the second notice of appeal was filed on August 10, 2016. *Id.* at 315.
[27] *Id.* at 325.
[28] *See* Ohio S. Ct. Prac. R. 7.01(A)(5)(b) (to be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought); *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case). The Ohio court of appeals decision was filed on May 15, 2017 (*id.* at 133), and Clyde's notice of appeal to the Supreme Court of Ohio was filed on July 27, 2015; thus, it is untimely. *Id.* at 267.
[29] *Id.* at 270.
[30] *Id.* at 296.

5

### *3.   Petition for post-conviction relief*

Clyde, through counsel, filed a petition for post-conviction relief.[31] The State filed a response and a motion for summary judgment.[32] Clyde filed a supplement and a memorandum in opposition the State's motion for summary judgment.[33] On March 13, 2014, the trial court denied the motion for post-conviction relief.[34]

### *a.   Ohio Court of Appeals*

Clyde, through counsel, filed a timely[35] notice of appeal[36] with the Ohio court of appeals. In his brief, Clyde raised the following assignment of error:

1. "The trial court erred in denying appellant's petition for post-conviction relief even though it permitted the state to ask various witnesses if they believed the complaining witness was credible in her allegations."

2. "The trial court erred in denying appellant's petition for post-conviction relief despite evidence about the complaining witness passing a polygraph was submitted into evidence at trial."

3. "The trial court erred in denying appellant's petition for post-conviction relief despite the fact that the state gave defense counsel additional discovery on at least five different days during trial when the indictment was issued over two years earlier."

4. "The trial court erred in denying appellant's petition for post-conviction relief despite the fact that trial counsel was ineffective in failing to object to the admission of evidence that witnesses believed

---

[31] *Id.* at 154.
[32] *Id.* at 160.
[33] *Id.* at 181.
[34] *Id.* at 185.
[35] The trial court denied Clyde's petition for post-conviction relief on March 13, 2015 (*id.*), and his direct appeal to the Ohio court of appeals was filed on April 13, 2015; thus it is timely. *Id.* at 187.
[36] *Id.*

6

>   the complaining witness to be credible, that the complaining witness passed a polygraph examination[,] and the state providing discovery on at least five different days during trial on a case that was over two years old."[37]

The State filed a brief in response,[38] to which Clyde filed a reply.[39] On January 6, 2016, the Ohio court of appeals affirmed the judgment of the trial court.[40] The record does not indicate that Clyde appealed this decision to the Supreme Court of Ohio.

### C. Delayed App. R. 26(B) application for reopening

Clyde, *pro se*, filed an App. R. 26(B) application to reopen his appeal.[41] In his brief, Clyde raised the following assignments of error:

>   1. "Trial court permitted the Prosecution to frequently ask questions of various witnesses, 'if they found the victim to be credible in her allegations against Appellant.' In violation of The *Ohio Supreme Court's* decision in *State v. Boston*, 46 Ohio St. 3d 108; 545 N.E. 2d 1220; 1989 Ohio LEXIS 274. In violation of Ohio Constitution Article One Section 10; and the Fourth and Fourteenth Amendment[s] to the United States Constitution."
>
>   2. "Trial counsel was ineffective for failing to object to the Trial Court permitting the Prosecution to frequently ask questions of various witnesses, 'if they found the victim to be credible in her allegations against Appellant.' In violation of the Ohio Constitution Article One Section 10 and 16; and the Sixth Amendment to the United States Constitution."
>
>   3. "Trial counsel was ineffective for failing to object, permitting the introduction into evidence of various witnesses to testify concerning inadmissible polygraph examinations. In violation of the Ohio

---

[37] *Id.* at 194.
[38] *Id.* at 211.
[39] *Id.* at 250.
[40] *Id.* at 261.
[41] *Id.* at 327.

>   Constitution Article One Section 10 and 16; and the Sixth Amendment to the United States Constitution."
>
> 4. "Was it prejudicial error for the prosecution to give defense counsel discovery during trial on at least five different days between August 26 through 29, and September 4, 2013, when the indictment in this case was issued on August 15, 2011 and trial began two years later on August 26, 2013. In violation of Ohio Constitution Article One Section 10; and the Fourth, Fifth, Sixth, and Fourteenth Amendment[s] to the United States Constitution."[42]

The State filed a response in opposition[43] to which Clyde replied.[44] On September 13, 2016, the Ohio court of appeals denied Clyde's Rule 26(B) application.[45]

## D. Petition for writ of habeas corpus

On August 15, 2016, Clyde, *pro se*, timely filed[46] a federal petition for habeas relief.[47] As noted above, he raises ten grounds for relief:

> **GROUND ONE:** "The remaining convictions for compelling prostitution are not supported by sufficient evidence and are against the manifest weight of the evidence, in violation of Ohio Constitution, Article One, Section 10 and United States Constitution Amendment(s) 4,5,6, and 14 (as applicable)."
>
> **GROUND TWO:** "The remaining convictions for attempted pandering obscenity are not supported by sufficient evidence and are against the manifest weight of the evidence, in violation of Ohio Constitution, Article One, Section

---

[42] *Id.* at 330-31.

[43] *Id.* at 384.

[44] *Id.* at 394.

[45] *Id.* at 397.

[46] The present petition for federal habeas relief was filed on August 15, 2016. ECF No. 1. As such, it was filed within one year of the conclusion of Clyde's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[47] ECF No. 1.

|  |  |
|---|---|
|  | 10 and United States Constitutional Amendment(s) 4, 5, 6, and 14 (as applicable)." |
| **GROUND THREE:** | "Plain error occurred when the trial court tried two indictments together absent an order to do so, and absent a State's motion to do so, in violation of Ohio Constitution, Article One, Sections 10, 16 and United States Constitutional Amendment(s) 4, 5,6 and 14 (as applicable)." |
| **GROUND FOUR:** | "Trial counsel committed prejudicial ineffective assistance through multiple failures, in violation of the Sixth Amendment to the United States Constitution." |
| **GROUND FIVE:** | "The convictions with respect to the victim K.T. were not supported by sufficient evidence and are against the manifest weight of the evidence, in violation of Ohio Constitution, Article One, Sections 10, 16 and United States Constitutional Amendment(s) 4, 5, and 14 (as applicable)." |
| **GROUND SIX:** | "The trial court violated the Petitioner's United States Constitution's 5th and 6th Amendment(s) by imposing consecutive sentences without proper fact findings." |
| **GROUND SEVEN:** | "The trial court erred in denying Petitioner's petition for post-conviction relief even though it permitted the State to ask various witnesses if they believed the complaining witness was credible in her allegations in violation of the Ohio Constitution, Art. One, Sect. 10; United States Constitutional Amendments 4, 5, and 14." |
| **GROUND EIGHT:** | "The trial court erred in denying Petitioner's petition for post-conviction relief despite evidence about the complaining witness passing a polygraph being admitted into evidence at trial, in violation of Ohio Constitution, Article One, Section 10 and 16; and the Sixth Amendment to the United States Constitution." |
| **GROUND NINE:** | "The trial court erred in denying Petitioner's petition for post-conviction relief despite the fact that the State gave defense counsel additional discovery on at least |

9

>
> five different days during trial when the indictment was issued over two years earlier in violation of the Ohio Constitution, Art. One, Sect. 10; United States Constitutional Amendments 4, 5, and 14."

**GROUND TEN:** "Appellate counsel was ineffective for failing to raise assignments of error (dead-bang winners) on appeal that were much stronger with a better chance of gaining reversal of Petitioner's convictions in violation of Petitioner's United States Sixth Amendment right to the effective assistance of counsel on direct appeal."[48]

## Analysis

### A. Preliminary observations

Before proceeding further, I make the following preliminary observations:

1. There is no dispute that Clyde is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[49]

2. There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[50]

3. In addition, Clyde states,[51] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[52]

---

[48] ECF No.1 at 5-18.
[49] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).
[50] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).
[51] *See* ECF No. 1 at 20.
[52] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

  4.  Finally, Clyde is not represented by counsel, he has not requested the appointment of counsel,[53] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[54]

**B.**  **Standard of review**

A claim not adjudicated on the merits by a state court is not subject to AEDPA review.[55] Such a claim is subject to procedural default if a petitioner failed to raise it when state court remedies were still available or the petitioner violated a state procedural rule.[56] The petitioner must afford the state courts the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[57] This requires a petitioner to go through "one complete round" of the state's appellate review process,[58] presenting his or her claim to "*each* appropriate state court."[59] A petitioner may not seek habeas relief then if he or she does not first "fairly present[] the substance of his [or her] federal habeas corpus claim to the state courts."[60]

When a state asserts a that violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part test to determine whether the claim is procedurally defaulted.[61] A petitioner's violation of a state

---

[53] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.
[54] 28 U.S.C. § 2254(e)(2).
[55] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).
[56] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).
[57] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citation omitted).
[58] *Boerckel*, 526 U.S. at 845.
[59] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).
[60] *West*, 790 F.3d at 697 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971)) (internal quotation marks omitted).
[61] *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *see Landrum v. Mitchell*, 625 F.3d 905, 916-17 (6th Cir. 2010) (applying test post-AEDPA).

11

procedural rule will bar federal review if the state procedural rule satisfies the standards set out in the test:[62]

> (1) "[T]here must be a state procedure in place that the petitioner failed to follow."[63]
>
> (2) "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[64]
>
> (3) "[T]he state procedural rule must be an 'adequate and independent state ground,'[65] that is both 'firmly established and regularly followed.'"[66]
>
> (4) The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[67]

In order to show "cause" for the default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[68] In order to show "prejudice" for the default, the petitioner must show that the errors at trial "worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."[69]

---

[62] *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008).
[63] *Id.* (citing *Maupin*, 785 F.2d at 138).
[64] *Id.*
[65] *Id.* (citations omitted) ("A state procedural rule is an independent ground when it does not rely on federal law.").
[66] *Id.* (citation omitted).
[67] *Id.* (quoting *Coleman*, 501 U.S. at 750).
[68] *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).
[69] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in original).

12

Additionally, "a credible showing of actual innocence" may also excuse an otherwise defaulted claim, and effectively allow a petitioner to seek review.[70]

Notwithstanding these elements, the Supreme Court has held that a federal habeas court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[71]

## C. Application of standard

### 1. *Grounds One, Two, Three, Four, Five, and Six are procedurally defaulted for not having been presented to the Supreme Court of Ohio on direct review.*

As noted by the State, Clyde failed to present these claims in a timely manner to the Supreme Court of Ohio on direct review.[72] Clyde filed a motion for a delayed appeal, citing problems with the prison mail system as a reason for the delay.[73] The Ohio Supreme denied the motion and dismissed the case.[74]

This dismissal by the Ohio Supreme Court constitutes an adequate and independent state law ground on which the state may now foreclose review by the federal habeas court.[75] Therefore, these six grounds for habeas relief should be here dismissed as procedurally

---

[70] *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *see Schulp v. Delo*, 513 U.S. 298, 324 (1995) (explaining that a "credible" claim requires "new reliable evidence" and factual innocence beyond legal insufficiency).

[71] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1077 (6th Cir. 2015) ("[O]n occasion [the Sixth Circuit] has reached beyond the procedural-default analysis to address the underlying claim on the merits when it presents a more straightforward ground for decision.") (citation omitted).

[72] ECF No. 12 at 5.

[73] ECF No. 12, Attachment 1, Ex. 19.

[74] *Id.*, Ex. 20

[75] *Bonilla v. Hurley,* 370 F.3d 494 (6th Cir. 2004).

defaulted because Clyde failed to fairly present them to the state's highest court through the state's ordinary appellate review procedure.[76]

In addition, the State in its return of the writ expresses concern that Ground Six – pertaining to imposing consecutive sentences without making necessary findings – may relate to the re-sentencing in 2016 and therefore may be unexhausted.[77] In denying[78] Clyde's motion to stay consideration of this petition because Ground Six was purportedly unexhausted,[79] I found that a challenge to whether a state imposed a sentence in conformity with its own statute does not state a cognizable claim for relief.[80] Moreover, the imposition of consecutive sentences without predicate factual findings does not of itself raise a federal constitutional issue.[81] Thus, to the extent that Ground Six is understood as raising a challenge to the resentencing – a fact that is not borne out by Clyde's petition itself[82] – I recommend overlooking any lack of exhaustion for such a claim on the grounds that the claim is without merit.[83]

---

[76] *O'Sullivan v. Boerckel*, 326 U.S. 838, 847 (1999).
[77] ECF No. 12 at 9-10.
[78] ECF No. 16.
[79] ECF No. 13.
[80] ECF No. 16 at 1-2 (citation omitted).
[81] *Id.* at 2 (citation omitted).
[82] ECF No. 1 at 37.
[83] *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000).

2. *Grounds Seven, Eight, and Nine are procedurally defaulted for being claims asserting trial court error that were improperly raised for the first time in a post-conviction petition.*

In these grounds, Clyde asserts that the trial court erred in denying these claims in his post-conviction petition. The claims in the petition, as here, maintain that the trial court made multiple errors pertaining to discovery and witness testimony. As such, the claims are based on facts that are contained within the trial court record itself, and so should have been asserted on direct appeal.[84] Indeed, the post-conviction petition was dismissed on the grounds of *res judicata*, a decision upheld by the Ohio court of appeals.[85]

As before, Clyde's failure to present claims involving alleged errors by the trial court to the court of appeals at his first opportunity – direct appeal – means that these claims are procedurally defaulted here because he did not fairly present the claims through one full round of Ohio's ordinary appellate review procedure.[86] Moreover, as the Ohio appellate court noted, Clyde's failure to raise the claim at the earliest opportunity meant the claims were barred by *res judicata* from any consideration by Ohio courts at the time they were raised. Ohio's *res judicata* rule is also an adequate and independent state law basis for foreclosing any review here of a federal constitutional claim.[87]

Accordingly, Grounds Seven, Eight, and Nine should be dismissed as procedurally defaulted for the reasons stated above.

---

[84] *See Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001).
[85] ECF No. 12, Attachment 1, Ex. 17.
[86] *Boerckel*, 526 U.S. at 847.
[87] *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000).

15

### 3. *Ground Ten is procedurally defaulted for not being fairly presented through one complete round of Ohio's established appellate procedure.*

This ground, which alleges ineffective assistance of appellate counsel, was raised by Clyde in a Rule 26(B) application to reopen his appeal[88] that was denied by the appellate court as untimely filed.[89] Clyde did not appeal this decision to the Supreme Court of Ohio.

The time limitations for filing an application under Ohio Appellate Rule 26(B) are accepted as an adequate and independent state procedural ground by which to foreclose review of constitutional claims in a federal habeas court.[90] Moreover, by failing to appeal the denial of his application to the Ohio Supreme Court, Clyde has again procedurally defaulted this claim by not fairly presenting it through one full round of Ohio's established appellate review procedure. In addition, Ohio Supreme Court Practice Rule 7.01(A)(4)(c) directs the clerk of the Ohio Supreme Court to refuse to file motions for delayed appeals involving post-conviction relief, such as Rule 26(B) applications for reopening.

Therefore, for the reasons stated, Ground Ten should be dismissed as procedurally defaulted.

---

[88] ECF No. 14, Attachment 1, Ex. 25.
[89] *Id.* at Ex. 28.
[90] *Monzo v. Edwards*, 281 F.3d 568, 578 (6th Cir. 2002).

16

4.  *None of the procedural defaults have been cured by a showing of cause and prejudice or by a showing of actual innocence.*

Clyde has not filed a traverse and has not attempted any showing of cause and prejudice such as would cure the procedural defaults detailed above. Further, he has made no showing of actual innocence according to the rubric for such showing.

## Conclusion

For the reasons stated above, I recommend that the *pro se* petition of Jeffrey Clyde for a writ of habeas corpus be dismissed in its entirety with prejudice.

IT IS SO RECOMMENDED.


Dated: October 23, 2018                  s/ William H. Baughman, Jr.
                                         United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[91]

---

[91] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).