UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JEFFREY CLYDE, | CASE NO. 3:16-cv-2039 |
| Petitioner, | OPINION & ORDER [Resolving Docs. 17, 21] |
| vs. | |
| MICHELLE MILLER, | |
| Respondent. | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Jeffrey Clyde, acting *pro se*, petitions for habeas corpus relief under 28 U.S.C. § 2254.[1] On October 23, 2018, Magistrate Judge William H. Baughman, Jr. issued a report and recommendation ("R&R").[2] Judge Baughman recommended that the Court dismiss the Clyde's petition. Petitioner Clyde timely objected.[3]

For the following reasons, the Court **ADOPTS IN PART** and **OVERRULES IN PART** Petitioner's objections to the R&R, **ADOPTS IN PART** and **OVERRULES IN PART** the R&R, and **DISMISSES** Petitioner's § 2254 petition.

## I. Background

In the R&R, Magistrate Judge Baughman found that Petitioner Clyde procedurally defaulted all ten grounds for relief and that this default stopped federal habeas review. Petitioner objects to these findings for all grounds except Ground Two, that is moot.[4] The

---
[1] Doc. 1. Respondent filed a return of writ. Doc. 12. Petitioner Clyde filed an untimely traverse. Doc. 20.
[2] Doc. 19.
[3] Doc. 21.
[4] Clyde's two attempted pandering obscenity convictions were overturned before he filed this habeas petition. Doc. 12-1, Ex. 8. Accordingly, it is unclear why Clyde included Ground Two, which challenges these convictions.

Case No. 3:16-cv-2039
Gwin, J.

Court reviews de novo the R&R objections.[5]

In his habeas petition, Petitioner Clyde challenges his state sex offense convictions and sentences. In the state case, Ohio convicted Petitioner of sexually abusing his minor daughter and making sexual comments to his live-in girlfriend's minor daughter and her minor boyfriend. Clyde's habeas petition raises ten grounds for relief:

1. The remaining convictions for compelling prostitution are not supported by sufficient evidence in violation of U.S. Constitutional Amendment(s) 4, 5, 6, and 14 (as applicable).
2. The remaining convictions for attempted pandering obscenity are not supported by sufficient evidence in violation of U.S. Constitutional Amendment(s) 4, 5, 6, and 14 (as applicable).
3. Plain error occurred when the trial court tried two indictments together absent an order to do so, and absent a State's motion to do so, in violation of U.S. Constitutional Amendment(s) 4, 5, 6, and 14 (as applicable).
4. Trial counsel committed prejudicial ineffective assistance through multiple failures, in violation of the Sixth Amendment to the U.S. Constitution.
5. The convictions with respect to the victim K.T. were not supported by sufficient evidence in violation of U.S. Constitutional Amendment(s) 4, 5, and 14 (as applicable).
6. The trial court violated the Petitioner's U.S. Constitution's 5th and 6th Amendment(s) by imposing consecutive sentences without proper fact-findings.
7. The trial court erred in denying Petitioner's petition for post-conviction relief even though it permitted the State to ask various witnesses if they believed the complaining witness was credible in her allegations in violation of U.S. Constitutional Amendments 4, 5, and 14.
8. The trial court erred in denying Petitioner's petition for post-conviction relief despite evidence about the complaining witness passing a polygraph being admitted into evidence at trial, in violation of the Sixth Amendment to the U.S. Constitution.
9. The trial court erred in denying Petitioner's petition for postconviction relief despite the fact that the State gave defense counsel additional discovery on at least five different days during trial when the indictment was issued over two years earlier in violation of U.S. Constitutional Amendments 4, 5, and 14.
10. Appellate counsel was ineffective for failing to raise assignments of error (dead-bang winners) on appeal that were much stronger with a better chance at gaining a reversal of Petitioner's convictions in violation of Petitioner's U.S. Sixth Amendment

---

[5] 28 U.S.C. § 636(b)(1).

right to the effective assistance of counsel on direct appeal.[6]

The Court reviews the state court procedural history in detail, as it is central to Petitioner Clyde's procedural default objections.

### A. State Court Convictions & Direct Appeal

On September 6, 2013, after a bench trial, the Ohio trial court found Clyde guilty of compelling prostitution, attempted pandering obscenity involving a minor, sexual battery, corrupting another with drugs, and disseminating matter harmful to juveniles.[7] On December 12, 2013, the trial court imposed an aggregate sentence of twenty years.[8]

Represented by different counsel, Clyde appealed his conviction and sentence.[9] His state court appellate claims were Grounds One through Six of the habeas petition.[10]

On May 15, 2015, the Ohio Court of Appeals affirmed in part and reversed in part the trial court judgment.[11] With its decision, Court of Appeals found that one of the two counts of compelling prostitution and both counts of attempted pandering obscenity were not supported by sufficient evidence. The court overturned those convictions, vacated Clyde's sentence, and remanded Clyde's case for resentencing on the remaining seven counts. In addition, the Court of Appeals instructed the trial court to set out factual findings supporting consecutive sentencing as required by state law. The Ohio trial court had not originally given findings supporting the consecutive sentences.

At the resentencing, the trial court sentenced Clyde to an aggregate term of eighteen

---

[6] Doc. 1 (edited for relevance).
[7] Doc. 12-1, Ex. 3, (finding Clyde guilty of ten of the seventeen counts).
[8] Doc. 12-1, Ex. 4.
[9] Doc. 12-1, Ex. 5 (Case No. E.14-006).
[10] Doc. 12-1, Ex. 6.
[11] Doc. 12-1, Ex. 8.

Case No. 3:16-cv-2039
Gwin, J.

years.[12]

With regard to the upheld convictions, Clyde, *pro se*, filed an untimely notice of appeal to the Ohio Supreme Court.[13] On September 16, 2015, the Ohio Supreme Court denied Clyde's motion for delayed appeal and dismissed the case.[14]

**B. State Post-Conviction Relief Proceedings**

On January 12, 2015, and while Clyde's direct appeal was still pending, Clyde petitioned the trial court for post-conviction relief.[15] Represented by different counsel, Clyde claimed ineffective assistance of trial counsel and prejudicial prosecutor misbehavior. On March 13, 2015, the trial court denied the post-conviction relief petition.[16]

Clyde appealed, raising each error from below and adding the claims found as Grounds Seven, Eight, and Nine in the habeas petition.[17] On January 6, 2016, the Ohio Court of Appeals found *res judicata* stopped relief and found that Clyde could have raised the Grounds Seven, Eight, and Nine claims on direct appeal.[18]

**C. Ohio Appellate Rule 26(B) Application to Reopen**

On August 10, 2016, Clyde, *pro se*, filed a delayed Ohio Appellate Rule 26(B) application to reopen his direct appeal. In his Ohio Appellate Rule 26(B) application, Clyde additionally alleged ineffective assistance of appellate counsel. In this habeas case,

---

[12] Doc. 12-1, Ex. 21. Petitioner's appeals from the resentencing are not relevant to this habeas petition.
[13] Doc. 12-1, Ex. 18.
[14] Doc. 12-1, Ex. 20.
[15] Doc. 12-1, Ex. 9.
[16] Doc. 12-1, Ex. 12.
[17] Doc. 12-1, Exs. 13, 14 (Case No. E-15-22).
[18] Doc. 12-1, Ex.17. Clyde did not appeal this decision to the Ohio Supreme Court. *See* Doc.12-1, Ex. 31.

-4-

Case No. 3:16-cv-2039
Gwin, J.

Clyde makes this argument as Ground Ten in the habeas petition.[19] As to this claim, Clyde argues that his appellate counsel incorrectly represented that some errors from the trial court proceedings—including Grounds Seven and Nine—could only be raised in a post-conviction petition and did not raise them on direct appeal.

On September 13, 2016, the Court of Appeals denied Clyde's App. R. 26(B) application to reopen as untimely.[20] Clyde appealed and the Ohio Supreme Court declined to accept appeal jurisdiction.[21]

## D. Section 2254 Habeas Petition

On August 15, 2016, Clyde, *pro se*, filed this § 2254 habeas petition. On December 22, 2016, after reviewing Respondent's return of writ, Petitioner Clyde moved to stay the proceedings and deadlines to allow Clyde to exhaust Ground Six in the state courts.[22]

In a May 31, 2017 order, Magistrate Judge Baughman denied the motion to stay and found that Petitioner's Ground Six was a "plainly meritless" claim.[23] Petitioner objected.[24]

Over a year later, on October 22, 2018, Petitioner filed his traverse.[25] In it, Petitioner noted that this Court had still not reviewed his objection to the stay denial order but that the objection had become moot because he had since exhausted the claim.[26] With

---

[19] Doc. 12-1, Ex. 25 (Case No. E-14-006).
[20] Doc. 12-1, Ex. 28. It then denied Clyde's timely motion for reconsideration. Doc. 20-27.
[21] Doc. 20-30.
[22] Doc. 13. Respondent opposed. Doc. 14. Petitioner replied. Doc. 15.
[23] Doc. 16 (finding that the unexhausted sentencing claim did not raise a federal issue and thus was not a cognizable ground for relief).
[24] Doc. 17. *See also* Fed. R. Civ. P. 72 (requiring district courts to consider timely objections to a magistrate judge's decision).
[25] Doc. 20.
[26] The Court agrees and now denies his objection as moot.

Case No. 3:16-cv-2039
Gwin, J.

all claims exhausted, Petitioner's traverse also replied to Respondent's return of writ.

On October 23, 2018, but technically before the traverse was electronically docketed, Magistrate Judge Baughman issued an R&R recommending that the Court dismiss Clyde's petition.[27] Petitioner objected to the R&R.[28] Petitioner's filing incorporates by reference specific sections from his untimely traverse for each objection.[29]

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") controls habeas review of state court proceedings.[30] A federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254(d)(1) "if the state courts ruled in a way contrary to, or involving an unreasonable application of, clearly established federal law."[31] Habeas relief may not be granted solely based on alleged state law error.[32]

A federal court also may not hear a petitioner's habeas claim if that claim is unexhausted or procedurally defaulted.[33] A petitioner exhausts his available state court remedies by first giving each appropriate state court an opportunity to consider and correct the alleged federal law violation.[34] To avoid procedural default, a petitioner must properly

---

[27] Doc. 19.

[28] Doc. 21.

[29] Although incorporating arguments from an earlier-filed brief is disfavored, the Court may allow it in the present case because Petitioner's objections are sufficiently clear and specific. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (allowing the party to incorporate arguments from an earlier-filed brief in his objection because the party's arguments were clear); *Neuman v. Rivers*, 125 F.3d 315, 321–23 (6th Cir. 1997) (denying a party's attempt to incorporate parts of an earlier-filed brief because the district court "did not acknowledge that it was able to understand the specific determinations of the magistrate objected to by the petitioner"). The R&R largely adopted the Respondent's positions—the same positions that Petitioner opposed in the traverse.

[30] 28 U.S.C. § 2254; *Haliym v. Mitchell*, 492 F.3d 680, 690 (6th Cir. 2007).

[31] *Parker v. Renico*, 506 F.3d 444, 447 (6th Cir. 2007) (citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000)).

[32] *Haliym*, 492 F.3d at 690 (discussing 28 U.S.C. § 2254(d)); *see Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (explaining that, to the extent a petitioner's argument is based upon state law, the petitioner has failed to state a claim upon which habeas corpus relief may be granted); *Smith v. Morgan*, 371 F. App'x 575, 582 (6th Cir. 2010).

[33] *Daniels v. United States*, 532 U.S. 374, 381 (2001).

[34] 28 U.S.C. § 2254(b), (c); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Case No. 3:16-cv-2039
Gwin, J.

present the claim to the court at each level of the state's established appellate review process, allowing the state courts to consider the merits of the claim.[35]

A petitioner procedurally defaults a claim if:

1) the petitioner fails to comply with a state procedural rule;
2) the state courts enforce the state procedural rule;
3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and
4) the petitioner cannot show cause for the default (i.e., the failure to comply with the rule) and actual prejudice as a result of the alleged violation of federal law.[36]

Demonstrating cause needs a showing that an objective factor external to the petitioner—something that cannot be fairly attributed to him—impeded his efforts to comply with the state procedural rule.[37] "Demonstrating prejudice requires showing that the trial was infected with constitutional error."[38]

Even where a petitioner does not show cause and prejudice, a court must still consider whether a fundamental miscarriage of justice will result through enforcement of the procedural default.[39]

### III. Discussion

In the R&R, Magistrate Judge Baughman found that Petitioner Clyde had procedurally defaulted all grounds for relief. He also found that Petitioner did not try to show cause and prejudice or a miscarriage of justice to excuse the defaults.

The Court finds that Clyde has made arguments for cause and prejudice[40] and

---

[35] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845–848 (1999).
[36] *Wogenstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir. 2012) (citations omitted).
[37] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).
[38] *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (citation omitted).
[39] *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006).
[40] Petitioner elaborated on some in his untimely traverse, which is incorporated as his objections.

considers them for the first time here.

A.  Grounds One, Three, Four, Five, and Six

Petitioner procedurally defaulted Grounds One, Three, Four, Five, and Six when he did not present these grounds to the Ohio Supreme Court on direct review.  Under Ohio Sup. Ct. R. II, § 2(A)(1)(a), Clyde had 45 days following the Court of Appeal's decision to file his appeal.  The Ohio Supreme Court Clerk's Office received Clyde's notice of appeal two days after his June 29, 2015 deadline.  The Ohio Supreme Court subsequently denied Clyde's motion for leave to file a delayed appeal, and this procedural ruling is an adequate and independent state ground for denying federal habeas review.[41]

Petitioner says he has shown cause and prejudice to excuse his default for these five claims.

### 1.  Cause for the Procedural Default

As for cause, Petitioner says his prison failed to promptly process his outgoing legal mail and says that this delay caused his untimely notice of appeal to the Ohio Supreme Court.  Prison officials' interference can be an external factor for cause.[42]

Petitioner gave the notice of appeal to the prison mailing office on June 24, 2015.  The record shows that the prison mailing office "processed" this mail on June 26, 2015 and that the Clerk's office received it on July 1, 2015—two days after the June 29, 2015 filing deadline.[43]  According to an analogous Sixth Circuit decision, the prison mailing office's at least two-day delay in mailing Petitioner's two-day-late filing can be cause for the default

---

[41] Doc. 12-1, Ex. 20; *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004) (finding that the Ohio Supreme Court's entry denying motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal habeas review).

[42] *Wogenstahl,* 668 F.3d at 321.

[43] Doc. 12-1, Ex. 8, at 295; Doc. 12-1, Exs. 18 & 19.  Petitioner claims that prison officials did not actually mail it until the June 29, 2015 deadline date, but the record does not support this.

because it would have otherwise been timely filed.[44]

### 2. Actual Prejudice as a Result of the Alleged Federal Law Violation

Having shown cause for the default, the Court considers whether Petitioner Clyde shows prejudice. To infect a trial with constitutional error, the alleged prejudice must work to the defendant's "actual and substantial disadvantage."[45] There is no prejudice where the petitioner does not show a reasonable probability of a different judgment.[46]

#### a. Grounds One and Five: Sufficiency of the Evidence

Grounds One and Five challenge the sufficiency of the evidence. For this inquiry, the Court asks whether, viewing the record evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[47] "[A] state-court decision rejecting a sufficiency challenge may not be overturned on federal habeas unless the decision was objectively unreasonable."[48]

The Court applies this standard "with explicit reference to the substantive elements of the criminal offense as defined by state law."[49] The Ohio Court of Appeals' factual findings are presumed to be correct.[50]

In Ground One, Petitioner claims that there was insufficient evidence to find him guilty of the remaining compelling prostitution count under Ohio Revised Code § 2907.21(A)(3)(a).[51] This statute prohibits any person from knowingly doing the following:

---

[44] *See Maples v. Stegall*, 340 F.3d 433, 438–39 (6th Cir. 2003) (finding that prison officials' inaction constituted cause to excuse *pro se* prisoner's default based on an untimely notice of appeal when the materials otherwise would have been timely filed within the normal course of events).

[45] *Fautenberry v. Mitchell*, 515 F.3d 614, 629 (6th Cir. 2008).

[46] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[47] *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (citing *Jackson v. Virginia,* 443 U.S. 307 (1979)).

[48] *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (internal quotation marks omitted).

[49] *Joseph v. Coyle*, 469 F.3d 441, 454 (6th Cir. 2006).

[50] 28 U.S.C. § 2254(e)(1); *see Mason,* 320 F.3d at 614 (noting that facts found by the state appellate court based on its review of the record are presumed correct by the federal habeas court).

[51] Although Petitioner was originally convicted of two counts of this offense, the Ohio Court of Appeals

Case No. 3:16-cv-2039
Gwin, J.

> Pay or agree to pay a minor, either directly or through the minor's agent, so that the minor will engage in sexual activity, whether or not the offender knows the age of the minor.

"'Sexual activity' means sexual conduct or sexual contact, or both."[52] The statutory definitions of "sexual conduct" and "sexual contact" both involve some type of physical contact between persons.[53]

Petitioner does not dispute the Ohio Court of Appeals' factual findings. At trial, victims B.M. and D.B—Petitioner's live-in girlfriend's minor daughter and her minor boyfriend, respectively—testified that they were in B.M.'s bedroom when Petitioner came in and asked them if they wanted to "make a porno" for him. Petitioner said that he would give B.M. and D.B. $200 if they made it for Petitioner and that Petitioner would give them $300 if they let Petitioner join in. Nobody laughed, and B.M. and D.M. believed Petitioner was not joking.

Petitioner argues that the "sexual activity" definition necessarily involves some sort of physical contact between people and that Petitioner's agreement to pay B.M. and D.B. to "make a porno" did not necessarily encourage such physical contact. Petitioner says that B.M. and D.B. did not specifically testify as to what "make a porno" meant and that many types of pornography involving multiple individuals do not depict individuals engaged in physical contact with another (e.g., group masturbation).

Petitioner appears to treat this issue as a statutory interpretation question. It is not.

---

overturned one of the convictions on direct appeal due to insufficient evidence.

[52] Ohio Rev. Code § 2907.01(C).

[53] "'Sexual conduct' means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." *Id.* § 2907.01(A). "'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." *Id.* § 2907.01(B).

Certainly, the definition of "pornography" is relevant to whether Petitioner's agreement to pay the victims to "make a porno" was an offer of payment to engage in "sexual activity." However, the surrounding circumstances also inform the intended and perceived meaning of "make a porno." Although there is a universe in which the statement would not reference any physical contact between people, the state court made the factual findings that the offer suggested physical contact.

A rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. B.M. and D.B., a couple, were alone in a bedroom when Petitioner told them that he would pay them to make a porno and asked to "join in." Since this is evidence that Petitioner's "make a porno" statement contemplated physical touching between people, Petitioner does not show actual prejudice for Ground One.

In Ground Five, Petitioner claims that insufficient evidence supports the six convictions involving his daughter K.T.

Four of the six counts charged sexual battery, defined as sexual conduct with a natural parent. According to the Ohio Court of Appeals' decision, Petitioner's daughter K.T. testified that she and her father had sexual intercourse on multiple occasions. K.T.'s former friend also testified that she saw them having sex, and Petitioner's former brother-in-law testified that Petitioner admitted to having had sex with K.T.

Petitioner mainly argues that a "new" January 10, 2017 affidavit from his daughter K.T.—which he attaches to his traverse—shows that these allegations were false.[54] In the affidavit, K.T. recants her trial testimony.

---

[54] Doc. 20, Ex. 28.

Case No. 3:16-cv-2039
Gwin, J.

The Court may not consider this evidence. The Court's review under 28 U.S.C. § 2254(d)(1) looks to the state court record; "evidence introduced in federal court has no bearing on § 2254(d)(1) review."[55]

Petitioner also seems to argue that K.T.'s friend did not actually witness Clyde having sex with his daughter. However, Petitioner gives no support for this challenge and has not rebutted the presumed correctness of the appellate court's factual findings on this point.[56]

Given K.T. and two corroborating witnesses' trial testimony, a rational factfinder could find Petitioner's guilt of sexual battery beyond a reasonable doubt.

Petitioner also claims that the other two convictions involving K.T. were based on insufficient evidence because they were based solely on K.T.'s testimony. But the testimony of a victim alone is constitutionally sufficient to sustain a conviction.[57]

Petitioner has not shown prejudice for Grounds One and Five, and thus the Court may not consider these procedurally defaulted grounds for relief.

### b. Ground Four: Ineffective Assistance of Trial Counsel

Petitioner claims that his trial counsel was ineffective in violation of his Sixth Amendment right to counsel. "Th[is] right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense."[58] When, as here, a state court has already rejected an ineffective-assistance

---

[55] *Cullen v. Pinholster*, 563 U.S. 170, 181–86 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.").

[56] *See Mason*, 320 F.3d at 614 (explaining that state court factual findings "are presumed to be correct and can be contravened only if the habeas petitioner can show by clear and convincing evidence that the state court's factual findings were erroneous" (citing 28 U.S.C. § 2254(e)(1)).

[57] *Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008).

[58] *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Case No. 3:16-cv-2039
Gwin, J.

claim, the state court's application of federal law "must be shown to be not only erroneous, but objectively unreasonable."[59]

The Ohio Court of Appeals' denial of Petitioner's ineffective assistance of trial counsel claim was not "objectively unreasonable." The court found that trial counsel's failure to object to the joint trial of the two indictments did not prejudice Petitioner because, *inter alia*, the trial court in the non-jury case could easily distinguish the evidence relevant to each indictment. Further, even though Petitioner's counsel did not specifically object to the "other acts" testimony, his counsel did challenge the testimony in other ways.

Finally, Petitioner did not show how trial counsel's failure to object to the polygraph-related testimony and the hearsay statements fell below a reasonableness standard or affected the trial outcome. Both types included evidence related to charges for which Petitioner was acquitted, and there was ample other evidence for the remaining convictions.[60]

Even considering all of the perceived errors cumulatively, the appellate court reasonably concluded that Petitioner's trial counsel's performance was not ineffective.

### c. Ground Three: Plain Error

Petitioner claims that the state trial court committed plain error by trying Petitioner's two indictments together without a motion by the state or an order under Ohio Criminal Rule 13. However, for the reasons above, Petitioner has not shown prejudice that excuses his procedural default.[61] In addition, this alleged state law error does not state a

---

[59] *Id.*

[60] *See* Doc. 12-1, Exs. 6–8; *Perkins,* 58 F.3d at 219 ("[The] prejudice test is not satisfied if there is strong evidence of a petitioner's guilt and a lack of evidence to support his claim" (internal quotation marks omitted).

[61] Petitioner also procedurally defaulted this claim on another ground: he did not object to this perceived error during the trial court proceedings and the appellate court conducted only a plain error review. *See Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001). And because Petitioner's ineffective trial counsel claim does not succeed for the reasons

-13-

Case No. 3:16-cv-2039
Gwin, J.

cognizable ground for federal habeas relief.

### d. Ground Six: Sentencing Error

Petitioner claims that the imposition of consecutive sentences violated state law. But any state law consecutive sentencing error does not show a federal constitutional issue.[62]

## B. Ground Ten: Ineffective Assistance of Appellate Counsel

The R&R concluded that Petitioner procedurally defaulted his ineffective assistance of appellate counsel claim. The Court agrees. Petitioner correctly raised his ineffective assistance of appellate counsel claim in an App. R. 26(B) application to reopen his direct appeal, but did so about a year too late.[63] The Court of Appeals denied the application as untimely, and non-compliance with this App. R. 26(B)(2)(b) time limitation is an adequate and independent state ground foreclosing federal habeas review.[64]

## C. Grounds Seven, Eight, and Nine

Petitioner procedurally defaulted Grounds Seven, Eight, and Nine by raising them for the first time in his post-conviction relief proceedings, rather than on direct appeal.[65]

In his objection, Petitioner argues that his appellate counsel's ineffectiveness

---

above, he cannot rely on it to excuse the default.

[62] *See Oregon v. Ice*, 555 U.S. 160, 169 (2009); *Terry v. Trippett*, 62 F.3d 1418 (6th Cir. 1995). In any event, upon remand, the trial court made the factual findings that it had erroneously omitted during the first sentencing. *See* Doc. 12-1, Ex. 21, at 299.

[63] Doc. 12-1, Ex. 28, at 399; *see* Ohio App. R. 26(B); *James v. Brigano*, 470 F.3d 636, 640 (6th Cir. 2006).

[64] *Landrum v. Mitchell*, 625 F.3d 905, 916–17 (6th Cir. 2010). Further, that Petitioner was not represented by counsel cannot excuse a failure to comply with this time limitation. *See Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005) (explaining that there is no federal constitutional right to assistance of counsel in a Rule 26(B) application to reopen, as the proceeding is a collateral matter rather than a part of direct review).

Contrary to the R&R's finding, Petitioner timely appealed the Ohio Court of Appeal's denial of his App. R. 26(B) application to the Ohio Supreme Court. *See* Docs. 20-24, 20-27 (motion for reconsideration); Docs. 20-28, 20-30 (Ohio Supreme Court appeal). But this does not excuse Petitioner's default.

[65] *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (finding that Ohio courts' default rule barring consideration of claims that should have been raised on direct appeal is an adequate and independent state law ground precluding federal habeas relief).

Case No. 3:16-cv-2039
Gwin, J.

excuses his procedural default. However, "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted."[66] As explained above, Petitioner has procedurally defaulted his ineffective assistance claim. Absent a showing of cause and prejudice, the Court may not consider these procedurally defaulted grounds for relief.

### D. No Fundamental Miscarriage of Justice

Federal courts may consider an otherwise procedurally defaulted claim if enforcing the procedural bar would result in a miscarriage of justice. To satisfy this standard, Petitioner must show that a constitutional violation "probably resulted" in his conviction, despite his actual innocence of the offense.[67]

Petitioner again points to his daughter K.T.'s "new" affidavit that Petitioner says exonerates him. However, Petitioner does not show that he meets the 28 U.S.C. § 2254(e)(2) requirements to introduce this new evidence that has not been considered by the state courts.[68] Further, even if the Court could consider the affidavit, Petitioner has not shown "that but for constitutional error no reasonable juror would have found him guilty of the crime."[69] K.T.'s affidavit recanting her trial testimony does not contain any information not addressed at trial; K.T. had tried to recant in the past and had given the same story.[70]

---

[66] *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).
[67] *Dretke v. Haley*, 541 U.S. 386, 393 (2004).
[68] *See* 28 U.S.C. § 2254(e)(2) (stating that, where a petitioner has failed to develop the factual basis of a claim in state court proceedings, the court may not hold an evidentiary hearing on the claim unless the petitioner shows that the claim relies on a new rule of constitutional law or a factual predicate that could not have been previously discovered through the exercise of due diligence); *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011) ("At a minimum, therefore, § 2254(e)(2) still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court."). Petitioner does not allege new constitutional law made retroactive or that he exercised due diligence with respect to this "new" evidence.
[69] *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006).
[70] *Compare* Doc. 20-31 (noting that K.T. had told the prosecutors before trial that she made up the sexual abuse allegations so that she would be removed from her father's home and placed in a home with her father's 42-year-old friend Steve Rose, with whom K.T. had a sexual and romantic relationship, and that one of the prosecutors threatened

Case No. 3:16-cv-2039
Gwin, J.

Because Petitioner has neither shown cause and prejudice nor a fundamental miscarriage of justice to excuse his procedurally defaulted claims, the Court dismisses Clyde's § 2254 petition.

## Conclusion

For the reasons stated, the Court **ADOPTS IN PART** and **OVERRULES IN PART** Petitioner's objections to the R&R, **ADOPTS IN PART** and **OVERRULES IN PART** the R&R, and **DISMISSES** Petitioner's § 2254 petition. Further, the Court **DENIES AS MOOT** Petitioner's objection to Magistrate Judge Baughman's May 31, 2017 order. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Moreover, the Court certifies that no basis exists upon which to issue a certificate of appealability.[71]

IT IS SO ORDERED.

Dated:  May 22, 2019                              s/        *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

K.T. with prosecution), *with* Doc. 12-1, Ex. 6 (direct appeal merits brief mentioning same). Further, Petitioner does not claim that the K.T. affidavit shows a *constitutional violation* probably resulted in his wrongful conviction, and the Sixth Circuit has so far refused to recognize that a "free-standing" actual innocence claim may state a ground for federal habeas relief. *See D'Ambrosio v. Bagley*, 527 F.3d 489, 498 n.6 (6th Cir. 2008); *Davis v. Burt*, 100 F. App'x 340, 350 (6th Cir. 2004).

[71] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).